## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MATEER WOLFFE,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **WALTER J. GALDENZIE** *et al.,* | : | |
| *Defendants* | : | **22-5164** |

## MEMORANDUM

PRATTER, J.                                         DECEMBER 20th, 2023

Mr. Wolffe is a *pro se* litigant who has filed multiple lawsuits in South Carolina, Delaware, and Pennsylvania, all alleging a similar fact pattern and injury stemming from an alleged incident in which Mr. Wolffe, who was living in a Days Inn in Hilton Head, South Carolina, was forced to move out after the COVID-19 pandemic caused a shutdown of the hotel.

Mr. Wolffe originally filed this lawsuit in the Delaware County Court of Common Pleas by handing his complaint to the County's Office of Judicial Support on or about November 9, 2022.[1] Because the complaint was hand-delivered, no electronic notice was provided to the named defendants. Counsel for the Galdenzie defendants received the first and only copy of the Complaint on November 29, 2022 via certified mail. The Wyndham defendants were never served, and counsel did not enter an appearance on their behalf until December 27, 2022.

Defendants filed a timely Notice of Removal based on diversity jurisdiction and provided a copy of the Notice to Mr. Wolffe on December 28, 2022. After receiving the Notice of Removal, and without alerting defendants, Mr. Wolffe represented to the Court of Common Pleas on January

---

[1]     Mr. Wolffe technically initiated this suit in August of 2022 by filing a writ of summons in the Court of Common Pleas of Delaware County, Pennsylvania. But the filing and proper service of the complaint is what triggers a defendant's obligations to respond or seek removal. *See Sikirica v. Nationwide Insurance Co.,* 416 F.3d 214, 222–23 (3d Cir. 2005).

6, 2023 that he had served on the defendants a Notice of Intent to Enter Default on November 29, 2022,[2] and that defendants failed to respond to that Notice. In fact, Mr. Wolffe had not served a Notice of Intent to Enter Default Judgment on the parties or their attorneys, as is required by Pa. R. Civ. P. 237.1. Based on Mr. Wolffe's representations, and without a hearing or review by a judge, the Office of Judicial Support in Delaware County entered the default "in the amount of $198,000,000 being the amount demanded in the Complaint."

On January 20, 2023, defendants timely filed a petition to strike and/or open default judgment pursuant to Pa. R. Civ. P. 237.3(b). On January 24, 2023, defendants filed the Notice of Removal with the state court and served a copy on Mr. Wolffe via electronic mail and certified U.S. Mail. On January 27, 2023, the Galdenzie and Wyndham defendants filed an emergency motion to show cause and supplement their pending petition to strike and/or open default judgment (Doc. No. 8), which sought to vacate the $198 million default judgment. On February 2, 2023, this Court denied that motion in a footnoted-order on the ground that the Court lacked jurisdiction to vacate the default judgment because, under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review state court decisions. Order, Doc. No. 17, at 1 n.1 (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The

---

[2]     Mr. Wolffe's purported service upon the defendants with a Notice of Intent to Enter Default on November 29, 2022 should set off alarm bells for anyone paying close enough attention—the defendants were initially served with the Complaint on November 29, 2022, so how could they possibly be in default on the same day they were first served? It appears Mr. Wolffe foresaw that this could be a problem, and he attempted to rectify the issue by submitting to the Court of Common Pleas a copy of the complaint with a Certificate of Service dated November 9, 2022. However, Mr. Wolffe's original complaint did not include a Certificate of Service, and this second copy with an attached Certificate of Service was filed 58 days after he originally handed his complaint to the County's Office of Judicial Support. Setting aside this bit of revisionist history, the Court notes that Mr. Wolffe's own claims regarding dates of service render the default judgment defective and void on its face: even if Mr. Wolffe had indeed served the complaint on November 9, 2022, a November 29 Notice of Intent to Enter Default would still be premature under the local rules because defendants have 20 days after service to respond. *See* Pa. R. Civ. P. 1018.1; *see also* Notice of Removal, Ex. A., Doc. No. 1-2, at 2 ("Notice to Defend … you have been sued in court. If you wish to defend against the claims set forth in the follow pages, you must take action within twenty (20) days after this complaint and notice are served.")

defendants filed a Motion Pursuant to Fed. R. Civ. P. 59(e) to Reconsider This Court's February 2, 2023 Order and/or To Alter or Amend the Default Judgement (Doc. No. 21), arguing that the Court should reconsider its February 2, 2023 Order to correct the erroneously application of the *Rooker-Feldman* doctrine and to prevent manifest injustice. *See* Doc. No. 21-1, at 4. The Court grants that motion, and upon consideration of defendants' emergency motion to show cause and supplement their pending petition to trike and/or open default judgment and corresponding brief in support (Doc. Nos. 8 & 8-1), incorporated into the instant Motion for Reconsideration by reference, vacates, sets aside, and opens the default judgment.

ANALYSIS

The defendants move for reconsideration of the February 2, 2023 Order pursuant to Federal Rule of Civil Procedure 59(e), which allows the Court to alter or amend a prior decision if the party seeking reconsideration establishes "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made the decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The defendants ask that this Court reconsider the order denying the defendants' motion to vacate the default judgment to "correct an error of law and prevent manifest injustice" because, according to the defendants, the *Rooker-Feldman* doctrine does not prevent this Court from vacating the improperly-obtained $198 million default judgment.

**A. The *Rooker-Feldman* Doctrine Does Not Apply.**

The *Rooker-Feldman* doctrine prevents district courts from relying on their limited original jurisdiction to engage in appellate review of state-court orders. *See Verizon Maryland, Inc. v.*

3

*Public Service Com'n of Maryland*, 535 U.S. 635, 644 n.3 (2002). The doctrine's eponymous cases—*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)—provide four conditions, all of which must be satisfied to dismiss a claim for lack of jurisdiction. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Great Western Mining & Mineral Corp. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). The conditions necessary for dismissal under *Rooker-Feldman* are: "1. The federal plaintiff must lose in a state-court judicial proceeding; 2. The state-court judgment or decree must be rendered before the federal action was filed; 3. The federal plaintiff must invite the review and rejection of the state-court judgment; and 4. The federal plaintiff must complain of injuries cause by the state-court judgment." *Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023) (citing *Exxon Mobil*, 544 U.S. at 284).

The defendants argue that the default judgment at issue here does not satisfy the second condition, and therefore *Rooker-Feldman* does not apply. They are correct. The second condition—that the judgment was rendered before the federal action was filed—is a question of finality. The Third Circuit employs an "effectively final" standard: if the judgment at issue is not "effectively final" by the time the federal action is filed, this second condition is not met. *Id.* at 776–77. This standard "functions as a waive-or-exhaust rule for federal claims[3] in state courts, such that a state-court judgment becomes effectively final in three scenarios: (i) the highest state court has issued a terminal ruling; (ii) a lower state court has issued a ruling for which the time to appeal has expired, or the parties have voluntarily terminated the case; or (iii) all questions of

---

[3]     Although Defendants removed this action to federal court based on diversity jurisdiction, the Complaint includes claims brought under several federal statutes, including 42 U.S.C § 1983. *See* Doc. No. 1-2, at 3.

federal law have been resolved by the highest state court, notwithstanding any surviving state law or factual issues." *Merrits*, 62 F.4th at 777 n.8 (internal citations omitted).

The default judgment at issue was entered in the Delaware County Court of Common Pleas, so the only possible scenario applicable here is the second scenario. Under Pennsylvania law, a default judgment does not terminate a state court action until a petition to vacate default judgment is ruled upon, or the time period for filing such a petition has lapsed. *See* Pa. R. Civ. P. 237.3 ("A petition for relief from a judgment ... by default entered pursuant to Rule 237.1 shall have attached thereto a copy of the complaint, preliminary objections, and/or answer which the petitioner seeks leave to file . . . If the petition is filed within ten days after the entry of a default judgment on the docket, the court *shall* open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense"); *see also Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1152 (Pa. Super. 2009) ("If a petition to open is filed within ten days of entry of the judgment ... the court 'shall' open the judgment"). The Office of Judicial Support in Delaware County entered the default judgment on January 10, 2023, and defendants timely filed a petition to strike and/or open the default judgment in state court on January 20, 2023. Doc. No. 21-1, at 1. Before the state court could rule on the petition, defendants effected the removal of this suit by filing the notice of removal in the Delaware County Court of Common Pleas on January 24, 2023. Doc. No. 20, at 3. Because Defendants filed their Petition within the ten days set by Rule 237.1, the time to appeal the default judgment did not pass before defendants removed the suit to federal court. Consequently, the default judgment is not sufficiently final for *Rooker-Feldman* purposes and the Court has jurisdiction to consider defendants' motion to open and/or strike (Doc. No. 8). The Court grants defendants' motion to reconsider to correct that error

of law and prevent the manifest injustice that would occur if defendants were required to pay a judgment that should not have been entered.

### B. The Default Judgment is Fatally Defective and Must be Set Aside.

Federal Rule of Civil Procedure 60(b) provides multiple bases upon which the Court may "relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). These include, in relevant part: "mistake, inadvertence, surprise, or excusable neglect . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . [or] any other reason that justifies relief." *Id.* A decision to set aside an entry of default "is left primarily to the discretion of the district court." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). The Court of Appeals for the Third Circuit "does not favor entry of defaults or default judgments . . . [and] require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" *Id.* at 194–95 (quoting *Tozer*, 189 F.2d at 245). Before setting aside a default judgment, however, the Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Id.* at 195 (quoting *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983)).

*i.   Setting Aside the Default Will Not Prejudice Mr. Wolffe.*

Mr. Wolffe will not suffer any prejudice if the default judgment is set aside. In determining whether or not the plaintiff will be prejudiced from setting aside the default, the Court considers "the loss of available evidence, the increased potential for fraud or collusion, and the plaintiff's substantial reliance on the default." *Choice Hotels Intern., Inc. v. Pennave Associates, Inc.*, 192

F.R.D. 171, 174 (E.D. Pa. 2000) (citing *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982)). "The fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice." *Id.* (citing *Duncan v. Speach*, 162 F.R.D. 43, 45 (E.D. Pa. 1995)). Here, there is no ongoing harm to Mr. Wolffe because he seeks retrospective relief for events that occurred in April 2020, and Mr. Wolffe has not asserted loss of available evidence, increased potential for fraud or collusion, or that he has substantially relied upon the judgment. The record does not necessarily support a claim of prejudice justifying denial of relief, so the Court concludes that this factor weighs in favor of setting aside the default.

ii.    *The Defendants Have a Meritorious Defense.*

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial . . . would constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984) (citations omitted); *accord Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (affirming denial of default judgment in part because "the defendant alleged [in a motion to dismiss] a *litigable defense* to both counts of the complaint") (emphasis added). The defendants filed a motion to strike and dismiss plaintiff's complaint (Doc. No. 9), arguing that the complaint should be stricken in its entirety pursuant to Federal Rules of Civil Procedure 8(a)(2) and (d)(1), 12(b)(2)(3), (6), (e), and (f), because, among other reasons, the complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised." Doc. No. 9-1, at 5 (quoting *Bhatt v. Hoffman*, 716 Fed.Appx. 124, 127 (3d Cir. 2017)). The defendants support this characterization by pointing out that it is over 200 pages long with 600 plus averments and 21 counts and incorporates by reference an additional 5,000 plus averments, all "written in an unconcise, incoherent, and repetitive manner that makes it difficult for Defendants to understand the claims made against them and the basis for those claims." *Id.* at 2.

The defendants also assert that the Court lacks personal jurisdiction over all named defendants and that venue is improper because none of the defendants reside or are incorporated or headquartered in Pennsylvania and, as the complaint itself makes clear, none of Mr. Wolffe's claims arise out of or relate to acts or omissions that took place in Pennsylvania.  In other words, the defendants have presented a meritorious defense as to the entire complaint. *Cf. Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (citation omitted) ("We need not decide the legal issue at this time; it is sufficient that [the defendants'] proffered defense is not 'facially unmeritorious'"). This factor weighs in favor of setting aside the default judgment.

iii.    *The Default Was Not the Result of the Defendants' Culpable Conduct.*

Finally, as discussed in detail above, the default was not entered due to the defendants' culpable conduct, which in the Third Circuit is conduct that is "taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 123-24 (3d Cir. 1983). If anything, the default was entered due to Mr. Wolffe's culpable conduct because he appears to have obtained the judgment by subterfuge. Moreover, the $198 Million default judgment is void and fatally defective under Pennsylvania law *notwithstanding* Mr. Wolffe's misrepresentations: even if Mr. Wolffe had indeed adequately served the Complaint on November 9, 2022, as he claims, a November 29th Notice of Intent to Enter Default would still be premature under the local rules because Defendants have twenty days after service to respond. *See* Pa. R. Civ. P. 1018.1; *see also* Notice of Removal, Ex. A., Doc. No. 1-2, at 2 ("Notice to Defend . . . you have been sued in court. If you wish to defend against the claims set forth in the follow pages, you must take action within twenty (20) days after this complaint and notice are served.") This factor—like the other two—weighs in favor of setting aside the judgement.

## Conclusion

For the reasons set forth in this Memorandum, the Court grants the Motion for Reconsideration (Doc. No. 21) and vacates, sets aside, and opens the default judgment.    An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE