IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MATEER WOLFFE, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| WALTER J. GALDENZIE *et al.*, | : | |
| *Defendants.* | : | |
| | : | 22-5164 |

**MEMORANDUM**

PRATTER, J.                                                                 JANUARY 17th, 2024

Plaintiff William Wolffe, proceeding *pro se*, brings another civil action related to his alleged removal from the premises of a Days Inn in Hilton Head, South Carolina in 2020. Defendants Walter Galdenzi, 9 Marina LLC d/b/a Days Inn by Wyndham Hilton Head-Days Inn Hilton Head, Southern Cross Investments, Inc., Suzzanne Mark, Days Inn Worldwide Inc., Wyndham Worldwide, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotels and Resorts, Inc., and Wyndham Hotel Management, Inc. ("Hotel Defendants")[1] filed a motion to strike and dismiss Mr. Wolffe's complaint pursuant to Fed. R. Civ. P. 8(a)(2) and (d)(1), Fed. R. Civ. P. 12(b)(3) and (6), and Fed. R. Civ. P. 12(e) and (f). *See* Doc. No. 9.

---

[1] The named defendants include: Walter J. Galdenzi; 9 Marina LLC d/b/s Days Inn by Wyndham Hilton Head-Days Inn Hilton Head; Suzanne Mark; Days Inn Worldwide, Inc.; Wyndham Worldwide Inc.; Wyndham Hotel Group, LLC.; Wyndham Hotels & Resorts, LLC.; Wyndham Hotels & Resorts, Inc.; Wyndham Hotel Management, Inc.; Beaufort County Sheriff's Office; Lyle E. Harris, individually and in his official capacity as Sheriff Deputy; Jeremy Hewitt, individually and in his official capacity as Sheriff Deputy; P.J. Tanner, individually and in his official capacity as Sheriff; Southern Cross Investments, Inc.; Does 1-100, in their individual capacity; and Does 1-100, in their official capacity.
   Before the Hotel Defendants completed removal of this case to federal court, the Court of Common Pleas of Delaware County dismissed the matter as to the County Sheriff's Office, Lyle E. Harris, Jeremy Hewitt, and P.J. Tanner (the "Beaufort County Defendants"). *See* Order for Preliminary Objections Sustained, *Wolffe v. Galdenzi*, CV-2022-001507 (Jan. 6, 2023).

1

Shortly after the Hotel Defendants moved to dismiss the complaint, Mr. Wolffe filed a motion to remand that also detailed his opposition to the Hotel Defendants' then-pending petition to set aside the default judgment. *See* Doc. No. 11. In response to the Court's February 2, 2023 Order (Doc. No. 18) directing Mr. Wolffe to respond to the Hotel Defendants' motion to strike and/or dismiss the complaint, Mr. Wolffe filed a "Special Motion and Special Reply to Order of 2/2/23" that likewise argues in favor of remand. *See* Doc. No. 22. Finally, in response to this Court's memorandum and order vacating, setting aside, and opening the default judgment (Doc. Nos. 30 and 31), Mr. Wolffe filed two emergency motions to "vacate, strike and void the order and the memorandum of December 20, 2023 for the Court's lack of jurisdiction under the Rooker-Feldman Doctrine." *See* Doc. Nos. 32 and 37.

For the following reasons, the Court denies all of Mr. Wolffe's pending motions (Doc. Nos. 11, 22, 32, and 37) and grants the Hotel Defendants' motion to strike and/or dismiss the complaint (Doc. No. 9).

## BACKGROUND

Mr. Wolffe is a *pro se* litigant who has filed multiple lawsuits in federal and state courts in South Carolina, Delaware, and Pennsylvania, all describing a similar fact pattern and injury stemming from an alleged incident in which Mr. Wolffe, who was living at the Days Inn in Hilton Head, South Carolina,[2] was purportedly "forced" to move out after the COVID-19 pandemic caused a shutdown of the hotel. Mr. Wolffe has also asserted vague defamation claims related to an apparent docketing snafu in which his case before the U.S. District Court for the District of South Carolina was temporarily designated as a habeas petition.

Each of Mr. Wolffe's complaints is over 200 pages long and each contains more than 600 paragraphs of allegations. *See Wolffe v. Galdenzi et al.*, No. 22-cv-548-BHH-MGB (D.S.C.); *Wolffe v.*

---

[2] Mr. Wolffe voluntarily dismissed his lawsuit in the U.S. District Court for the District of South Carolina, with prejudice, in September 2022. *See Wolffe v. Galdenzi*, No. 9:22-cv-00548, Doc. No. 75 (Sept. 22, 2022).

*Galdenzi et al.*, No. 22-cv-994 (E.D. Pa.); *Wolffe v. Galdenzi et al.*, No. 22-cv-2882 (E.D. Pa.); *Wolffe v. Days Inns Worldwide, Inc. et al.*, No. 22-374 (D. Del.). The complaint in this case is also over 200 pages long, and, in no fewer than 627 numbered paragraphs, asserts a raft of sensational—and largely unintelligible—allegations and grievances against Days Inn, its employees, and several government officials (including unnamed employees of various federal courts). Whether because Mr. Wolffe is unschooled in proper legal procedure or not, his persistence in the foregoing regard has reached a stage of abuse of the legal system.

## DISCUSSION

### A. Mr. Wolffe's Motions to Remand

Mr. Wolffe has filed two motions to remand, both of which primarily argue that the Court must remand this action to state court due to what Mr. Wolffe perceives are fatal procedural defects in the notice of removal. *See* Doc. Nos. 11 and 22. Specifically, Mr. Wolffe argues that the notice of removal was untimely and lacked the requisite consent of all the defendants and that the Hotel Defendants did not promptly and adequately notify Mr. Wolffe or the state court of the removal.

Notwithstanding Mr. Wolffe's views, this case was timely and properly removed because (1) the Hotel Defendants filed the notice of removal in this Court on December 27, 2022, which is within 30 days of service of the complaint on November 29, 2022;[3] (2) all defendants consented to the removal, and email[4] confirmation of that consent was attached to the notice of removal; (3)

---

[3] Mr. Wolffe asserts—without evidence—that he served the complaint on all defendants on November 9, 2022. The lack of contemporaneous evidence, and Mr. Wolffe's concerning habit of submitting after-the-fact "certificates of service" to support his various arguments about timing, seriously undermine his credibility. *See e.g.,* Doc. No. 11, at 82 (copy of Delaware County Court of Common Pleas Civil Docket Report reflecting "Certificate of Service for November 9, 2022" and "Certificate of Service for November 29, 2022" filed January 6, 2023).

[4] Courts in the Third Circuit require the consent of non-moving defendants in writing and provided to the federal district court within the 30-day removal period. An email attached to a notice of removal from non-moving defendants' counsel is sufficient. *See e.g., McNulty v. Auchter Indus. Serv., Inc.*, 2015 WL 7252907, at *2 (E.D. Pa. Nov. 17, 2015) ("Attached to these notices [of removal] were emails from attorneys from the remaining defendants consenting to the removal of the cases … [t]hese emails constitute

Mr. Wolffe received a copy of the notice of removal via his preferred method of service within 24 hours of the filing of the notice in this Court; (4) the Hotel Defendants promptly[5] notified the state court of the removal; and (5) and the Hotel Defendants properly assert (and Mr. Wolffe does not dispute) that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441-1446.

Removal was proper here. The Court denies both of Mr. Wolffe's motions to remand (Doc. Nos. 11 and 22).

### B. Mr. Wolffe's Motions to Vacate, Strike and Void the Court's December 20, 2023 Memorandum and Order

Mr. Wolffe filed two emergency motions[6] seeking to "vacate, strike and void" the Court's December 20, 2023 Memorandum and Order vacating, setting aside, and opening the default

---

unambiguous written consent required by the 'unanimity rule.' Thus, we find no procedural defect in the notice of removal.")

[5] 28 U.S.C. § 1446(d) requires defendants to "promptly" give written notice of the removal to all adverse parties and file a copy of the notice with the clerk of the relevant State Court. Defendants promptly notified Mr. Wolffe of the removal within 24 hours of filing. Defendants also filed a copy of the notice in the state court 28 days after filing the notice of removal in this Court. "Promptly" does not mean "simultaneously," and 28 days is sufficiently prompt to satisfy 28 U.S.C. § 1446(d). *See Ciglar v. Ruby Tuesday, Inc.*, 2009 WL 737367, at *4 (E.D. Pa. March 19, 2009) (citing *Calderon v. Pathmark Stores, Inc.*, 101 F.Supp.2d 246, 248 (S.D.N.Y. 200) (month delay between removal and notice to state court "relatively short" and "harmless")); *In re Reliance Standard Life Insurance Co.*, 386 F.Supp.3d 505, 507 n.8 (E.D. Pa. 2019) ("[C]ourts within this District have repeatedly held that filing notice to the state court within one month after removal in federal court may be considered 'prompt,' as required by § 1446.").

[6] Because both motions seek to set aside this Court's December 20, 2023 opinion and order, the Court will construe them both as motions for reconsideration. "The purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion… or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* Mr. Wolffe appears to be arguing that the December 20, 2023 opinion and order must be set aside to "correct a clear error of law or fact" caused by the Court's alleged misconception of the nature of the petition to strike filed in the state court on January 20, 2023. Mr. Wolffe also asserts that he is "prejudiced" by the December 20, 2023 order, which could be construed as an argument that reconsideration is necessary to "prevent manifest injustice." But requiring a plaintiff to litigate their case on the merits does not constitute manifest injustice or unfair prejudice. *See Choice Hotels Intern., Inc. v. Pennave Associates, Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000) (internal citations removed). This is particularly so where, as here, the plaintiff secured the default judgment improperly.

4

judgment (Doc. Nos. 30 and 31), arguing primarily that the Court lacked jurisdiction under the *Rooker-Feldman* doctrine to "rule upon the default judgment entered … in the Court of Common Pleas on January 10, 2023." Doc. No. 32, at 2. Mr. Wolffe appears to be asserting that the default judgment at issue was "final" for *Rooker-Feldman* purposes because, according to Mr. Wolffe, the Hotel Defendants did not file a timely petition to strike and/or open the default judgment with a supporting brief and proposed preliminary objections with the state court, as is required by Pennsylvania law. *Id.* at 2-3. According to Mr. Wolffe, the "petition" that the Hotel Defendants filed within the 10-day deadline was deficient because they purportedly "filed only a Cover sheet and then only a slew of exhibits primarily made up of all of [Mr. Wolffe's] other federal complaints." *Id.* at 10.[7]

But the record unequivocally demonstrates that the Hotel Defendants filed a valid petition to strike and/or open the default judgment with a supporting brief and proposed preliminary objections with the Delaware County Court of Common Pleas within 10 days of the entry of the default judgment. *See* Doc. No. 8-3, at 4-25 (copy of petition to strike filed in Case No. CV-2022-001507 in the Court of Common Pleas of Delaware County, dated January 20, 2023); Doc. No. 38, at 5-7; Doc. No. 38-3, Ex. A (copy of state court docket); Doc. No. 38-5, Ex. C. The Hotel Defendants have also submitted evidence that Mr. Wolffe was personally served with the valid and complete petition to strike via both electronic mail and U.S. certified mail—in fact, Mr. Wolffe, himself, signed for the receipt. *See* Doc. No. 38-4.

---

[7] That it appears to Mr. Wolffe that portions of the petition to strike are missing is understandable, given that the petition is such a large document that it is broken up into 26 parts on the state court docket. *See* Doc. No. 38, at 6. The Court assumes that Mr. Wolffe is simply struggling to navigate the electronic docket rather than attempting to mislead the Court about the contents of the Hotel Defendants' petition to strike.

To put it simply: the Hotel Defendants filed a procedurally compliant petition to strike in the Court of Common Pleas within 10 days of the entry of the default judgment. Therefore, under Pennsylvania law and Third Circuit precedent, that default judgment was not effectively final when the Hotel Defendants completed the removal of this case to federal court by filing the notice of removal in the state court. Consequently, the *Rooker-Feldman* doctrine does not apply, and this Court has the power to set aside the default judgment. The Court properly exercised that power on December 20, 2023 by vacating, setting aside, and opening the default judgment.[8] Therefore, Mr. Wolffe has not presented any legitimate grounds[9] to justify reconsideration of the Court's December 20, 2023 memorandum and order. The Court denies both of Mr. Wolffe's motions to vacate and/or reconsider that order (Doc. Nos. 32 and 37).

## C. Hotel Defendants' Motion to Strike and Dismiss the Complaint

Mr. Wolffe's *pro se* complaint will be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Id.* (internal quotations omitted) (citing

---

[8] The Court will also note that the default judgment for which Mr. Wolffe is fighting tooth and nail was obtained through subterfuge and without the required service or proper notice, and before the Hotel Defendants were in default. The Court properly set aside the default judgment, which was void on its face under the Pennsylvania Civil Rules notwithstanding the evidence that Mr. Wolffe purposely deceived the state court's Office of Judicial Support to secure the $198,000,000 award.

[9] Mr. Wolffe also argues that the petition is invalid because the Hotel Defendants failed to attach to it a copy of Mr. Wolffe's Complaint. Mr. Wolffe has misread or misunderstood the technical requirements set forth in the Pennsylvania Civil Rules, which provide that "[a] petition for relief from a judgment ... by default entered pursuant to Rule 237.1 shall have attached thereto a copy of the complaint, preliminary objections, and/or answer which the petitioner seeks leave to file ....". Pa. R. Civ. P. 237.3(a). The Hotel Defendants complied with this rule by attaching to their petition to strike proposed preliminary objections. *See* Doc. No. 23, at 8. It appears that Mr. Wolffe is confused by the reference to "complaint" in Rule 237.3(a) because he does not understand that the rule also addresses the procedure by which a plaintiff can seek relief from a judgment *non pros*—*i.e.,* a judgment closing a case due to the plaintiff's failure to file a complaint or otherwise pursue his or her case. In that scenario, the petitioner (the plaintiff) would be required by Rule 237.3 to attach to the petition a copy of the complaint. Here, the Hotel Defendants were not seeking relief from a judgment *non pros*, so they were not required to attach a complaint to the petition.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Yet there are limits to the Court's flexibility, and this rule of liberal construction does not relieve a *pro se* plaintiff of the burden of adhering to the Federal Rules of Civil Procedure. *See e.g., Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015)("a *pro se* complaint ... must be held to 'less stringent standards than formal pleadings drafted by lawyers;' ... but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'").

The Court may dismiss a complaint that fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *See Ala' Ad-Din Bey v. United States* DOJ, 457 F.App'x 90, 91 (3d Cir. Jan. 11, 2012) (per curiam) (affirming district court's dismissal). Rule 8(a)(2) provides that "a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, courts may dismiss *pro se* complaints that are "rambling and unclear," or contain excessive, unnecessarily detailed allegations and recitations of fact and therefore "fail[] to meet the pleading standards set forth in Rule 8(a)." *Tillio v. Spiess*, 441 F.App'x 109, 110 (3d Cir. 2011); *accord Brejcak v. Cnty. of Bucks*, No. 03-cv-4688, 2004 WL 377675, at 2–4 (E.D. Pa. Jan. 28, 2004) (holding 216-paragraph, 45-page complaint was excessive under notice pleading); *Drysdale v. Woerth*, No. 98-cv-3090, 1998 WL 966020, at *2 (E.D. Pa. Nov. 18, 1998) (holding that 93-paragraph complaint violated Rule 8(a)(2)). "[D]ismissal for violation of Rule 8 is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, is any, is well disguised." *Bhatt v. Hoffman*, 716 F.App'x 124, 127 (3d Cir. 2017) (internal quotation marks

7

omitted) (citing *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

This is one such instance. Mr. Wolffe's complaint in this case is, like every other complaint he has filed, "rife with redundant and verbose recitations of facts and rambling and unclear allegations, making it difficult to parse out which claims he is asserting against which defendants." *Wolffe v. Galdenzi*, 2022 WL 16722318, at *2 (E.D. Pa. Nov. 4, 2022); *see also Bhatt*, 716 App'x at 127; *Tillio*, 441 F.App'x at 110. It is exceedingly long and written in cyclical, impenetrable sentences sprinkled with "legalese" and general accusations of wrongdoing by "all Defendants" and/or individuals or entities not actually named as defendants in the case. *See, e.g.*, Complaint, Doc. No. 1-2, at 216 ("Upon my return back here to Pennsylvania, it was then that I learned that me and my case was (and still is) falsely labeled and libeled by JUSTIA INC., UniCourt and by PACER MONITOR by and through the PACER MONITOR .... all so done all so alleged for on behalf of and for in protection of and in conspiracy by and with all Defendants hereby together.")[10]; *see also Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)("The dismissal of a complaint on the ground that it is unintelligible is unexceptional ... [because] [s]uch complaint fails to give the defendant the notice to which he is entitled."). It is a truly "excessively prolix and overlong complaint," this despite repeated warnings from various courts that Mr. Wolffe must better tailor his pleadings to avoid dismissal. *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir.

---

[10] Mr. Wolffe's defamation claims are representative of the general nature of this complaint. It appears that Mr. Wolffe is accusing "All Defendants" and unnamed "Employees of the Federal Court District of the State of South Carolina" of defaming him because his case in the Federal District Court of South Carolina was temporarily designated a "Prisoner Habeas Corpus Prisoner Petition under NOS Code #505." *See* Complaint, Doc. No. 1-2, at 86-87. His averments as to the defamation issue demonstrate just how difficult it is to understand his complaint: "at all times relevant thereto, All Defendants agree to do the acts against me with mens rea to a Section U.S, Code 1985 Conspiracy to interfere with my Civil rights by all agreeing and knowing and working together with the Federal District Court of South Carolina to defame me and me a Prisoner and my Case filed by me on February 22, 2022 – a Prisoner Habeas Corpus Prisoner Petition under NOS Code #550." *Id.* Mr. Wolffe's hundreds of other claims are equally unintelligible.

8

2019); *see e.g.,* Complaint, Doc. No. 1-2 ¶ 113 ("I was eventually ordered to follow an order to entirely change my complaint ... or else face dismissal, and should I not follow the Order to strip my Complaint ... down there to a mere nothing and down to two pages long, I was told I risked dismissal."); *see also Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019). The complaint fails to meet the Rule 8(a)(2) standard requiring a "short and plain statement of the claims."

Because this is Mr. Wolffe's upteenth attempt to proceed on this (or an even longer) complaint, and because amendment would be inequitable or futile,[11] the Court dismisses the complaint in its entirety with prejudice. *See Garrett*, 938 F.3d at 93 ("[A] district court acts within its discretion when it dismisses an excessively prolix and overlong complaint, particularly where a plaintiff declines an express invitation to better tailor her pleading"); *LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 291 (3d Cir. 2021).

---

[11] This need for amendment is entirely the result of Mr. Wolffe's repeated failure, if not outright refusal, to cure deficiencies in his complaint(s) in the myriad cases he has filed regarding the alleged Days Inn incident. He purportedly views invitations to amend as further evidence of the "Grand conspiracy against [his] Rights." *See* Complaint, Doc. No. 1-2, ¶¶ 113, 154 ("[T]he Order came to me for me to completely change and completely reduce my complaint down to two pages ... [t]his order I refused to do, and I instead and to my great injury I had no choice but to terminate my case out of fear and duress and coercion."); *cf. Goldfish Shipping, S.A. v. HSH Nordbank AG*, 623 F.Supp.2d 635, 639-40 (E.D. Pa. 2009) ("[A]mendment would be inequitable ... [if] the need for the amendment is the result of [plaintiff's] repeated failure to cure deficiencies by amendments previously allowed."). In response to one district court's order that Mr. Wolffe pare down his complaint, Mr. Wolffe submitted an obdurate "report" to the United States Supreme Court accusing the district court of committing "actual treason ... against the United States Constitution." *See Wolffe v. Galdenzi*, 22-cv-00374-GBW, Doc. No. 67, at 3 (D. Del. May 15, 2023). In short, Mr. Wolffe reacts to opportunities to amend his complaint with nothing but profound hostility.

Additionally, it appears that any amendments would be futile. As Mr. Wolffe's complaint acknowledges, none of the named defendants reside or are headquartered in Pennsylvania. *See e.g.,* Complaint, Doc. No. 1-2 ¶¶ 47-51. The complaint also makes it explicitly clear that Mr. Wolffe's claims arise out of or relate to acts or omissions that took place entirely in South Carolina, not Pennsylvania. Mr. Wolffe himself acknowledges that his "Case of better and best jurisdiction" lies with the South Carolina Court, Docket No.: 9:2022-cv-0054-BHH-MGB, which he voluntarily terminated *in response to an order to amend his complaint. Id.* ¶¶ 91, 95. It is unclear how Mr. Wolffe could amend his complaint to overcome these obvious issues regarding personal jurisdiction and venue. *Cf.* Doc. No. 26-2, at 8 (copy of U.S. District Court for the District of Delaware opinion finding that the district court lacks jurisdiction over the Beaufort County Defendants and Galdenzi Defendants because those defendants did not have any contacts with Delaware and none of the acts or omission giving rise to the action occurred outside of South Carolina).

## CONCLUSION

For the foregoing reasons, the Court denies all of Mr. Wolffe's pending motions (Doc. Nos. 11, 22, 32, and 37) and grants the Hotel Defendants' motion to strike and/or dismiss the complaint (Doc. No. 9). An appropriate order follows.

BY THE COURT:

*[signature]*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE